UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Reginald Greene,

           Petitioner,    Case No. 22-cv-12950

v.    Judith E. Levy
    United States District Judge

Chris King,

    Mag. Judge Elizabeth A.
           Respondent.    Stafford

_____/

# OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY THE PROCEEDINGS AND HOLD THE HABEAS PETITION IN ABEYANCE [3]

Petitioner Reginald Eugene Greene, who is incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner pleaded no contest to two counts of second-degree murder, Mich. Comp. Laws § 750.317, and one count of possession of a firearm during the commission of felony, Mich. Comp. Laws § 750.227b, in the Wayne County Circuit Court. (*Id.* at PageID.1.) He was sentenced to concurrent terms of 23 to 50 years imprisonment on

the murder convictions and a consecutive term of two years imprisonment on the felony firearm conviction in 2020. (*Id.*) In his petition, he raises claims concerning the voluntariness of his plea and the factual basis for his plea.

The matter is before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance. (ECF No. 3.) Petitioner requests a stay so that he may return to the state courts and exhaust additional issues based upon newly-discovered evidence concerning the voluntariness of his plea and the effectiveness of trial counsel. (*Id.*) For the reasons stated below, the Court denies Petitioner's motion.

**I.     Background**

Following his convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied the application for lack of merit in the grounds presented. *People v. Greene*, No. 355485, 2021 Mich. App. LEXIS 1537, at *1 (Mich. Ct. App. Mar. 9, 2021). Petitioner then filed an application for leave to appeal with

2

the Michigan Supreme Court, which was denied in a standard order on March 8, 2022. *People v. Greene*, 509 Mich. 865, 865 (2022). Subsequently, Petitioner filed his habeas petition, dated November 28, 2022. (ECF No. 1.)

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each habeas issue in

both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276–77 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the

4

petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner fails to show the need for a stay. His current habeas claims are exhausted and he fails to show that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until ninety days after the conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333–34 (2007).

The Michigan Supreme Court denied Petitioner leave to appeal on March 8, 2022. *People v. Greene*, 509 Mich. at 865. Petitioner had ninety days—until June 6, 2022—to file a petition for a writ of certiorari with the United States Supreme Court. Thus, the one-year limitations period under 28 U.S.C. § 2244(d) began to run on June 6, 2022. Petitioner's federal habeas petition is dated November 28, 2022. Consequently, less than six months of the one-year period had run when he instituted this action.

5

While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and thus does not statutorily toll the limitations period), such time is equitably tolled, *see, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004). The limitations period will also be tolled while any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002). Given that over six months of the one-year period remains, Petitioner has ample time to exhaust additional issues in the state courts and return to federal court should he wish to do so. A stay is unwarranted.

### III. Conclusion

For the reasons set forth above, the Court denies Petitioner's motion. Petitioner may move for a non-prejudicial dismissal of this case by **August 8, 2023** so that he may pursue additional issues in the state courts. If this case is dismissed without prejudice, he may bring it again

at a later time. If Petitioner does not move for dismissal of this case without prejudice by **August 8, 2023**, the Court shall proceed on the claims contained in the pending petition.

    IT IS SO ORDERED.

| | |
|---|---|
| Dated: June 28, 2023<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 28, 2023.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager